UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

_____
                                        )
In re                                   )
                                        )      Chapter 11
CAMBRIDGE ENDOSCOPIC DEVICES, INC.      )
                                        )      Case No. 15-41706-MSH
             Debtor.                    )
_____ )

**DEBTOR'S MOTION FOR AN ORDER (A) APPROVING PROCEDURES
GOVERNING PROPOSED SALE OF SUBSTANTIALLY ALL ASSETS
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS,
AND (B) APPROVING FORM AND MANNER OF NOTICE OF SALE**

Cambridge Endoscopic Devices, Inc. (the "Debtor") hereby moves this Court pursuant to

Section 363 of the Bankruptcy Code, Fed. R. Bankr. P. 2002 and 6004, and MLBR 6004-1 for an

order establishing certain procedures for the Debtor's proposed sale of substantially all of its

assets (collectively, the "Assets") to White Sand Beach LLC ("WSB"), in its capacity as agent

for the Debtor's secured lenders (the "Secured Lenders"), or to such other entity that submits the

highest or otherwise best offer to acquire the Assets in accordance with the procedures proposed

herein (the "Proposed Sale").  The Proposed Sale is to be made pursuant to the Debtor's Motion

for Authority to Sell Substantially All Assets Free and Clear of Liens, Claims, Encumbrances,

and Interests Pursuant to Section 363 of the Bankruptcy Code and Court-Approved Sale

Procedures filed concurrently herewith (the "Sale Motion"), and pursuant to the Asset Purchase

Agreement between the Debtor and WSB attached as <u>Exhibit A</u> to the Sale Motion (the "APA").

**Because the APA provides (at Section 10.01(b)(iii)) that WSB may terminate the APA**

**unless (i) the Debtor conducts the auction among competing qualified bidders by no later**

**than November 16, 2015 and (ii) this Court enters an order approving the Proposed Sale by**

**no later than November 20, 2015, the Debtor requests that the Court schedule a hearing to**

**rule on this Motion as quickly as the Court's schedule permits, in order that the Court-approved notice of the Proposed Sale may be transmitted to prospective acquirers, creditors, and other interested parties so as to maximize the time that the Debtor has to market the Assets for sale**.  A proposed form of order is attached as <u>Exhibit A</u>.  The proposed notice of the Proposed Sale (the "Sale Notice") is attached as <u>Exhibit B</u>.[1]

In support of this Motion, the Debtor states as follows:

**I.     Background**

**A.     <u>Introduction</u>**

1.      On September 3, 2015 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code with this Court.  The Debtor continues to manage its business and financial affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.      The Debtor was founded in 2004 by experienced medical device entrepreneurs Woojin Lee and Jack Jacobson with the goal of revolutionizing least invasive surgery through a proprietary platform technology in endoscopic and laparoscopic instrumentation.  Working collaboratively with the surgical community, the Debtor developed a variety of hand-held instruments that enable easy access and unparalleled control for performing endoscopic and laparoscopic surgery in a minimally invasive manner.

3.      While the articulating laparoscopic devices developed by the Debtor were unique and helped surgeons perform more difficult laparoscopic cases more easily, they added cost to each procedure.  With the advent of the Affordable Care Act, hospitals became significantly more cost conscious.  The Debtor's sales effort required to establish meaningful sales in the face

---

[1] A copy of the Sale Notice is also attached as Exhibit B to the Sale Motion, as required by MLBR 6004-1(c)(3)(A).

2

of this economic hurdle was more significant than could be justified by the potential sales.

Faced with this difficult business environment, and with ongoing operating losses, the Debtor in

July 2013 turned its efforts toward a prospective sale of the company.

**B.      Debtor's Prepetition Sale Effort**

4.      In July 2013, the Debtor engaged the services of MedCap Advisors LLC

("MedCap"), an investment banker with expertise in the medical devices industry, to explore a

sale of the Debtor as a going concern or other strategic transactions that might unlock the value

of the Debtor's technology and intellectual property.  This effort did not lead to a transaction,

and the Debtor ended its relationship with MedCap in January 2014.

5.      Since January 2014, John Schulte and Woojin Lee have continued to work with

the Debtor's board of directors to try to sell the Debtor and its assets. Over the past 20 months,

the Debtor contacted more than 40 companies that either have a significant presence in the

laparoscopic market or another market in which the Debtor's articulating technology might

provide a competitive advantage.  Despite the Debtor's efforts, the Debtors have been unable to

procure an agreement to purchase its assets – possibly as a result of the Debtor's highly

leveraged balance sheet combined with its lack of operating revenue.

**C.      The Chapter 11 Case and Proposed Sale**

6.      In light of the substantial obligations to the Secured Lenders (principally WSB)

and those Lenders' security interest in the Debtor's assets, the Debtor conferred with WSB (as

agent for all of the Secured Lenders) concerning possible alternatives for finding a purchaser for

its intellectual property and other assets.  The Debtor and WSB concluded that a sale of the

Debtor's assets through a Section 363 sale process presented the greatest potential for

maximizing the value of the Debtor's assets, as it would eliminate the Debtor's debt overhang

and potentially create a market, in the Bankruptcy Court, where bidders could be solicited successfully.  In order to facilitate the Section 363 process, WSB agreed to enter into a "stalking horse" asset purchase agreement, under which WSB would (i) fund the Chapter 11 with a $100,000 cash payment, and (ii) credit bid the balance of the original principal amount of its secured debt (and that of the other secured creditors), plus accrued interest.  By funding the costs of a Section 363 sale process, WSB hopes that a number of potential bidders emerge paying a greater amount for the Debtor's assets than WSB's stalking horse bid.  To that end, the Debtor and WSB have negotiated the APA and the Debtor has filed this Chapter 11 case to pursue the sale of the Debtor's assets.  Should a sale to a higher and better cash bidder occur, WSB has agreed to share that upside with the Debtor's creditors as described more fully below in Section III.

## II.   Sale Process

7.     By this motion, the Debtor seeks approval of the manner in which the Debtor will endeavor to solicit competing bids to acquire the Assets, and of the sale procedures proposed to govern the submission, and the Debtor's consideration, of offers to acquire the Assets.  The solicitation program contemplated herein is intended to remind the many prospective acquirers identified through the Debtor's prepetition sale effort of the availability of the Assets, and to inform such prospective bidders of this last opportunity to acquire them, in a cost-effective manner consonant with the Debtor's financial resources.

## A.   Bid Solicitation Effort

8.     As noted, the Debtor worked hard to attract interest among prospective acquirers of the Debtor's business.  That effort has identified approximately 40 prospective acquirers of the Assets whom the Debtor intends to re-solicit.  While the Debtor expects that most of these

prospects to have no interest in submitting a bid, the Debtor believes that these previously-

identified prospects are the entities most likely to have an interest in the Assets, such that re-

soliciting them in the context of the Proposed Sale affords the best opportunity to attract a buyer

of the Assets other than WSB.

9.     The key components of the Debtor's proposed solicitation program and the

projected timing of its implementation include:

- Direct Mailing.  Promptly upon approval of this Motion, the Debtor will mail and/or email the Sale Notice that announces and summarizes the Proposed Sale and invites prospective acquirers to contact the Debtor with any interest in pursuing a transaction. The Debtor will mail the Sale Notice to those entities known to the Debtor that might reasonably be expected to have a strategic or financial interest in acquiring the Assets (or any significant portion thereof), including without limitation the 40 or so entities known to the Debtor through its prepetition sale effort.

- Telephone Follow-Up.  Upon transmittal of the Sale Notice, the Debtor will telephone recipients that the Debtor believes would or should have the highest level of interest in acquiring the Assets, to gauge their interest in such acquisition and to pursue any promising leads.

- Due Diligence; Access to Management.  Incident to its prepetition sale effort, the Debtor has compiled in readily-accessible folders the pertinent information concerning the Debtor and the Assets that should enable prospective acquirers to conduct any desired due diligence.  This information includes corporate records, financial statements, and detailed information concerning the Debtor's patents and intellectual property that constitutes the principal Assets.  Subject to an acquirer's execution of the Debtor's customary non-disclosure agreement, the Debtor will make this information available promptly upon request.  The Debtor's management—John Schulte and Woojin Lee—will also be made available to discuss the Assets, and any proposed transaction, with interested prospects.  Based on the Debtor's prepetition experience, and given that the entities targeted for solicitation have been contacted previously and are familiar with the Debtor and the Assets, the Debtor expects that any due diligence requests will be handled promptly and efficiently.

The Debtor believes that the foregoing solicitation program is the best means available to the

Debtor to attract prospective acquirers that might submit a higher bid than WSB's bid embodied

in the APA.  The Debtor will also transmit the Sale Notice, and make available due diligence

materials, to such additional prospective acquirers (if any) as may be identified to the Debtor by other parties in interest.

**B.**     **Procedures Governing Submission and Consideration of Purchase Offers**

10.     By this Motion, the Debtor seeks entry of an order, in substantially the form attached hereto as <u>Exhibit A</u> (the "Sale Procedures Order"), establishing the procedures for conducting the Proposed Sale, specifically, the submission of offers to acquire the Assets, the Debtor's consideration of offers, and, if one or more bids (in addition to WSB's) are obtained, the auction process to determine the highest or otherwise best offer for the Assets.  The sale procedures are designed to provide both specific guidelines and appropriate flexibility for the conduct of the sale process, as more specifically described below.

11.     In order to obtain the highest or otherwise best bid for the Assets, the Debtor proposes that bid solicitation and any auction among qualified bidders will be governed by the following sale procedures (the "Sale Procedures"):

> <u>Bidding Process</u>.  The Debtor shall have the sole right (i) to determine whether any person is a Qualified Bidder, (ii) to coordinate the efforts of Qualified Bidders in conducting their respective due diligence reviews, (iii) to receive offers from Qualified Bidders, (iv) to give notice to all parties with respect to the Sale Procedures and the Auction relating to the Assets, and (v) to negotiate any bid (collectively, the "Bidding Process"). If a creditors' committee is appointed, the Debtor shall exercise the forgoing rights under clauses (i) and (v) in consultation with the committee.

> <u>Due Diligence</u>.  Each bidder must complete all required due diligence prior to the submission of its bid.  The Debtor will provide due diligence information to potential bidders who contact the Debtor for that purpose.  The Debtor shall not be obligated to furnish any due diligence information after the Bid Deadline (as defined herein) or to any person that the Debtor determines is not reasonably likely to be a Qualified Bidder.  The Debtor may condition due diligence disclosures upon a bidder's execution of a confidentiality agreement in a form satisfactory to the Debtor.

> <u>Required Bid Documents</u>.  In order for any competing purchase offer to constitute a "Qualified Bid", the competing offeror  must file with the Bankruptcy Court and serve on counsel to the Debtor, by no later than the deadline established by the Court (the "Bid

Deadline"), the following documents, deposit, and information (the "Required Bid Documents"):

- A legally-binding offer to purchase the Assets (or portion thereof) pursuant to a proposed asset purchase agreement (an "Asset Purchase Agreement") that is in the form of the APA, marked with any proposed changes from the APA (which changes shall be deemed to include, as to the competing offeror, deletion of any APA provisions governing WSB's right to credit bid or to receive sale proceeds), and providing for such offeror's purchase of the Assets on an "as is, where is" basis, for a cash purchase price of not less than $3,150,000, and not subject to any contingencies other than entry of an order of the Bankruptcy Court authorizing the Debtor's sale of the Assets free and clear of liens, claims, encumbrances, and interests in form and substance customary for Section 363 asset sales of similar nature. The offer embodied in a bidder's Asset Purchase Agreement must (i) not be subject to or conditioned upon any financing contingencies, or on the outcome of due diligence, except as otherwise permitted by the Debtor in consultation with WSB (and any creditors' committee), (ii) be binding on each entity or partner participating in the bid, (iii) not request or entitle the bidder to any breakup fee, termination fee, expense reimbursement or similar type of payment, and (iv) provide for the closing of such transaction within the same period as provided by the APA, except as may otherwise be agreed to by the Debtor in consultation with WSB (and any creditors' committee).

- A certified check or wire transfer representing a good faith deposit (the "Deposit"), in the amount of not less than $50,000, payable to the order of Casner & Edwards, LLP, as attorneys for the Debtor, and delivered to that firm at 303 Congress Street, Boston, Massachusetts, Attn: Michael J. Goldberg.

- Written evidence of a commitment for financing sufficient to consummate, or other evidence satisfactory to the Debtor of the bidder's ability to consummate, its proposed purchase of the Assets.

- Full disclosure of the identity of each entity that will be participating in such bid, including any proposed designee(s), and sufficient financial and other information regarding the bidder and all other parties participating in the bid to satisfy the Debtor with respect to the requirements enumerated in Section 363(m) of the Bankruptcy Code.

- Written evidence that the bidder has obtained authorization and approval from its Board of Directors (or comparable governing body) with respect to the submission of its offer, or a representation that no such authorization and approval is required.

A competing bidder that submits Required Bid Documents meeting the above criteria by the Bid Deadline will be a "Qualified Bidder." The offer of WSB set forth in the APA shall be deemed to constitute a Qualified Bid and WSB is deemed to be a Qualified Bidder. All bids (including WSB's) shall be deemed irrevocable offers to acquire the Assets and shall remain irrevocable and subject to acceptance by the Debtor until the Debtor has designated and the Bankruptcy Court has approved the successful bidder for the Assets. The Debtor may extend the Bid Deadline once or successively as to any specific prospective bidders without further notice, but is not obligated to do so.

Irrevocability of Bids. Bids shall be deemed irrevocable offers to acquire the Assets and shall remain irrevocable and subject to acceptance by the Debtor until the Debtor has designated the Successful Bid and Backup Bid (as defined herein) and the Bankruptcy Court has approved the Debtor's acceptance of the Successful Bid and designation of Backup Bid, at which time any other bids (except for the Backup Bid) shall be deemed rejected and such rejected bidders' Deposits returned, and the Backup Bid shall be deemed irrevocable until the third business day after the closing deadline for the Successful Bid.

Live Auction. After the Bid Deadline, the Debtor shall review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the transaction process, including those factors affecting the speed and certainty of consummating the proposed transaction, and may negotiate with the Qualified Bidders regarding improvements or alterations of their bids. If at least two Qualified Bids are submitted, then, after all such bids have been so reviewed and negotiated, then the Debtor shall conduct a public auction (the "Auction") with respect to the Proposed Sale. **The Auction, should one be required, will take place beginning at 10:00 a.m. (prevailing Eastern Time) November 16, 2015 at the offices of the Debtor's bankruptcy counsel, Casner & Edwards, LLP, 303 Congress Street, Boston, Massachusetts,** or such other time or place as the Debtor shall notify all Qualified Bidders who have submitted Qualified Bids. Only Qualified Bidders who have submitted a Qualified Bid will be eligible to participate at the Auction. WSB may attend and submit bids at the Auction telephonically. At the Auction, each Qualified Bidder's auction bid(s) shall be deemed to be on the same terms and conditions as such bidder's Qualified Bid as set forth in its Asset Purchase Agreement, except for the offer price and otherwise as expressly agreed upon by the Debtor. The Auction may be conducted as an open bid auction or by sealed-bid, and on such other terms and conditions as specified by the Debtor at the Auction. At the conclusion of the bidding, the Debtor will determine (after consultation with any creditors' committee, if one is appointed), and then announce, the highest or best bid for the Assets (the "Successful Bid") and the Qualified Bidder submitting such bid (the "Successful Bidder"), subject only to entry by the Bankruptcy Court of an order approving the Successful Bid and authorizing the Debtor to consummate the sale following the conclusion of the hearing to consider approval of the Sale Motion and the Proposed Sale, upon which the proposed sale shall proceed to closing as provided by and pursuant to the terms and conditions of the APA (as it may be modified to reflect the

Successful Bid and any related agreements between the Successful Bidder and the Debtor approved by, or as otherwise directed by, order of the Bankruptcy Court).

Acceptance of Qualified Bid.  The Debtor's presentation to the Bankruptcy Court for approval of a particular Qualified Bid does not constitute the Debtor's acceptance of the bid.  The Debtor will have accepted a bid only when the bid has been approved by the Bankruptcy Court and the Debtor has executed the final form of the APA embodying the sale of the Assets as approved by the Bankruptcy Court.

Backup Bid.  If an Auction is conducted, then, at the conclusions of the Auction, the Debtor intends to designate a competing Bid ("Backup Bid") that shall be substituted for the Successful Bid in the event that the Successful Bidder is unable to consummate its acquisition of the Assets.  By submitting a Bid or participating in the Auction, each Bidder acknowledges and agrees that the Debtor may designate its Bid (whether submitted prior to or at the Auction) as a Backup Bid, that such Backup Bid shall remain open for acceptance by the Debtor until the third business day following the closing deadline established for the Successful Bid, and that the Debtor, as security for closing of the Backup Bid transaction, may retain such Backup Bidder's Deposit pending consummation of the sale of the Assets to the Successful Bidder (in which case such Deposit shall be returned to the Backup Bidder within three (3) business days after closing of the sale to the Successful Bidder).  If the Successful Bidder fails to close its Successful Bid by the applicable closing deadline (including as it may be extended for up to 30 days by agreement of the Debtor or order of the Bankruptcy Court), then (i) the Debtor shall be deemed to have accepted the Backup Bid as a replacement Successful Bid (the "Replacement Successful Bid"), and (ii) the Replacement Successful Bid shall thereafter for purposes of these Sale Procedures be deemed to be the Successful Bid except that the closing deadline for the Replacement Successful Bid shall be recomputed for such Bid as if the Sale Order had been entered on the defaulting Successful Bidder's closing deadline.

Agreed Damages; Retention of Deposit.  If the Successful Bidder fails to timely close its purchase of the Assets for any reason other than the Debtor's breach of the Asset Purchase Agreement, then such Successful Bidder's Deposit shall be retained by the Debtor as liquidated damages, and the Debtor may proceed to close the sale of the Assets with the Backup Bidder.

12.    The Debtor submits that the foregoing notice of the Proposed Sale, the bidder solicitation program, the purchase offer and objection deadlines, and the scheduling of the Auction will provide ample time for prospective purchasers/investors to conduct due diligence and formulate purchase offers, and for parties in interest to submit any objections to the Proposed Sale.

### III.      Form and Manner of Notice of Proposed Sale and Sale Procedures

13.      In accordance with Fed. R. Bankr. P. 2002 and 6004 and MLBR 6004-1, the

Debtor proposes to provide notice of the Proposed Sale in the following manner:

A.      The Debtor will serve a copy of each of the Sale Motion, the Sale

Procedures Order, and the Sale Notice upon (i) the United States Trustee

for the District of Massachusetts, (ii) counsel to WSB, as agent for the

Debtor's secured lenders, (iii) the Debtor's 20 largest unsecured creditors

as set forth in the list filed by the Debtor pursuant to Fed. R. Bankr. P.

1007(d); and (iv) all parties on the regular service list including all parties

that have requested notice and service of pleadings in the Debtor's

Chapter 11 case.

B.      The Debtor will serve a copy of the Sale Notice by regular mail upon (i)

the Internal Revenue Service, (ii) the United States Attorney for the

District of Massachusetts, (iii) each of the Debtor's federal, state and local

taxing authorities, and any federal, state or local governmental agency

who has or exercises any licensing, registration or permitting authority

over the Debtor or any of the Assets, (iv) those parties having expressed

an interest or whom the Debtor believes may be interested in purchasing

the Assets, and (v) all known creditors of the Debtor.

### IV.      Deadlines for Competing Bids and Objections; Sale Hearing

14.      The Debtor requests that the Court fix November 12, 2015 at 5:00 p.m.

(prevailing Eastern Time) (the "Bid Deadline") as the date and time by which competing

Qualified Bids must be filed with the Bankruptcy Court and served upon counsel to the Debtor.

The Debtor requests that the Court fix November 12, 2015 at 4:30 p.m. (prevailing Eastern Time) (the "Objection Deadline") as the date and time by which objections to the Sale Motion must be filed with the Bankruptcy Court and served upon counsel to the Debtor.  The Debtor also requests that this Court schedule the hearing to consider approval of the Sale Motion (the "Sale Hearing") as soon after November 16, 2015 as the Court's schedule permits, but no later than November 20, 2015, as required by Section 10.01(b)(iii) of the APA.

<h3 style="text-align:center">V.      <u>Notice</u></h3>

15.      The Debtor through its undersigned counsel is serving a copy of this Motion upon the Debtor, the United States Trustee, the Secured Lenders (through their agent, WSB and its counsel), and the Debtor's 20 largest unsecured creditors as set forth in the list filed by the Debtor pursuant to Fed. R. Bankr. P. 1007(d).  A certificate of service is attached.  The Debtor requests that this Court find such notice to be appropriate and sufficient in the particular circumstances.

<h3 style="text-align:center">VI.      <u>Conclusion</u></h3>

WHEREFORE, the Debtor respectfully requests the entry of the Sale Procedures Order, in the form submitted herewith, (i) approving the Sale Procedures, (ii) approving the Sale Notice, (iii) scheduling the Sale Hearing, and (iv) establishing the deadlines for submission of competing bids and objections.

Dated: September 4, 2015                        CAMBRIDGE ENDOSCOPIC DEVICES, INC.

  By its proposed counsel,

 /s/ A. Davis Whitesell         
Michael J. Goldberg (BBO #551869)
A. Davis Whitesell (BBO #551462)
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210
Tel: 617-426-5900
Email: whitesell@casneredwards.com

## Exhibit A

**[Proposed Order]**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

_____

|  |  |
|---|---|
| In re | ) |
|  | ) |
| CAMBRIDGE ENDOSCOPIC DEVICES, INC. | ) |
|  | ) |
| Debtor. | ) |
|  | ) |

)         Chapter 11

)         Case No. 15-41706-MSH

_____

**ORDER (A) APPROVING PROCEDURES
GOVERNING PROPOSED SALE OF SUBSTANTIALLY ALL ASSETS
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS,
AND (B) APPROVING FORM AND MANNER OF NOTICE OF SALE**

Upon consideration of Debtor's Motion For an Order (A) Approving Procedures

Governing Proposed Sale of Substantially All Assets Free and Clear of Liens, Claims,

Encumbrances, and Interests, and (B) Approving Form and Manner of Notice of Sale (the "Sale

Procedures Motion"),[2] pursuant to which Cambridge Endoscopic Devices, Inc. (the "Debtor")

seeks an order of this Court establishing certain procedures for the Debtor's proposed sale of

substantially all of the Debtor's assets to White Sand Beach LLC ("WSB"), in its capacity as

agent for the Debtor's secured lenders, or to such other entity that submits the highest or

otherwise best offer to acquire the Assets (the "Proposed Sale"), which Proposed Sale is to be

made pursuant to the Debtor's Motion For Authority to Sell Substantially All Assets Free and

Clear of Liens, Claim, Encumbrances, and Interests Pursuant to Section 363 of the Bankruptcy

Code and Court-Approved Sale Procedures dated September __, 2015 (the "Sale Motion") and

the Asset Purchase Agreement between the Debtor and WSB (the "APA") attached as Exhibit A

to the Sale Motion; this Court on September ___, 2015 having conducted a hearing on the Sale

---

[2] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Sale Procedures
Motion.

Procedures Motion; due and adequate notice of the Sale Procedures Motion having been provided to parties in interest; and good cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Sale Procedures Motion is granted.

2.      On November ___, 2015 at _____ _.m., a hearing (the "Sale Hearing") will be held before the undersigned Judge of the United States Bankruptcy Court to consider approval of the Sale Motion and the Proposed Sale.

3.      The Debtor's proposed solicitation of competing bids to acquire the Assets as described in the Sale Procedures Motion is approved.

4.      The submission of purchase offers for the Assets shall be governed by the Sale Procedures described in Paragraph 11 of the Sale Procedures Motion, which Sale Procedures are hereby approved.  The deadline for the submission of Qualified Bids pursuant to the Sale Procedures is November ___, 2015 at 5:00 p.m.

5.      The proposed notice of the Proposed Sale attached as Exhibit B to the Sale Procedures Motion (the "Sale Notice") is hereby approved.

6.      Notice of the Proposed Sale provided in the following manner shall be good and sufficient for purposes of Fed. R. Bankr. P. 2002 and 6004 and MLBR 6004-1:

    A.      The Debtor will serve a copy of each of the Sale Motion, the Sale Procedures Order, and the Sale Notice, through the Court's ECF system or by U.S. first class mail, upon (i) the United States Trustee for the District of Massachusetts, (ii) counsel to WSB, as agent for the Debtor's secured lenders, (iii) the Debtor's 20 largest unsecured creditors as set forth in the list filed by the Debtor pursuant to Fed. R. Bankr. P. 1007(d); and (iv) all

parties on the regular service list including all parties that have requested

notice and service of pleadings in the Debtor's Chapter 11 case.

B.      The Debtor will serve a copy of the Sale Notice by U.S. first class mail

upon (i) the Internal Revenue Service, (ii) the United States Attorney for

the District of Massachusetts, (iii) each of the Debtor's federal, state and

local taxing authorities, and any federal, state or local governmental

agency who has or exercises any licensing, registration or permitting

authority over the Debtor or any of the Assets, (iv) those parties having

expressed an interest or whom the Debtor believes may be interested in

purchasing the Assets, and (v) all known creditors of the Debtor.

7.      Any objections to the Sale Motion must be filed by 4:30 p.m. (prevailing Eastern

Time) on November ___, 2015 (the "Objection Deadline") and a copy served upon each of the

following persons so as to be received by such Objection Deadline:

(a)      attorneys for the Debtor, Casner & Edwards, LLP, 303 Congress Street,

Boston, MA 02210, Attn: Michael J. Goldberg, Esq., email:

goldberg@casneredwards.com;

(b)      attorneys for WSB, Robinson Brog Leinwand Greene Genovese & Gluck

P.C., 875 Third Avenue, New York, NY 10022, Attn: Adam J. Greene,

Esq.; and

(c)      the United States Trustee, United States Department of Justice, Office of

the United States Trustee, 446 Main Street, 14th Floor, Worcester, MA

01608.

Objections to the Sale Motion will be governed by Fed. R. Bankr. P. 9014.

8.      The Debtor is authorized and empowered to take or perform such actions and

expend such funds as may be necessary to effectuate the terms of this Order.


Dated:  September ___, 2015          _____

United States Bankruptcy Judge

**<u>Exhibit B</u>**

**[Sale Notice]**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | | |
|---|---|---|
| _____ | ) | |
| In re | ) | |
| | ) | Chapter 11 |
| CAMBRIDGE ENDOSCOPIC DEVICES, INC. | ) | |
| | ) | Case No. 15-41706-MSH |
| Debtor. | ) | |
| _____ | ) | |

**NOTICE OF (A) INTENDED SALE OF SUBSTANTIALLY ALL ASSETS
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES,
AND INTERESTS; (B) DEADLINES AND PROCEDURES FOR
SUBMITTING OFFERS AND OBJECTIONS; AND (C) HEARING DATE**

To Creditors and Parties in Interest:

**PLEASE TAKE NOTICE THAT**, pursuant to Section 363 of the Bankruptcy Code, Fed. R. Bankr. P. 2002 and 6004, and MLBR 6004-1, and the Debtor's Motion For Authority to Sell Substantially All Assets Free and Clear of Liens, Claim, Encumbrances, and Interests Pursuant to Section 363 of the Bankruptcy Code and Court-Approved Sale Procedures dated September __, 2015 [Docket No. __] (the "Sale Motion"), Cambridge Endoscopic Devices, Inc. (the "Debtor"), proposes to sell substantially all of the Debtor's assets, including without limitation the Debtor's (i) tangible personal property (including machinery and tooling, manufacturing fixtures, research equipment, inventory, computers and related equipment, and office equipment and furniture), and (ii) intellectual property consisting chiefly of patents, patent applications, and trademarks (collectively, the "Assets"), to White Sand Beach LLC ("WSB"), in its capacity as agent for the Debtor's secured lenders, or to such other entity that submits the highest or otherwise best offer to acquire the Assets (the "Proposed Sale").

The Proposed Sale is to be made pursuant to the Asset Purchase Agreement between the Debtor and WSB (the "APA") attached as Exhibit A to the Sale Motion, and pursuant to the procedures set forth below in this Notice. A more detailed description of the Assets, and of the terms and conditions of the Proposed Sale, is set forth in the APA. WSB is the Debtor's principal secured lender, and, as set forth in the APA, WSB as agent for all of the Debtor's secured lenders (the "Secured Lenders") shall pay $3,000,000 of the $3,100,000 purchase price through application of the Secured Lenders' aggregate claim against the Debtor in the asserted amount of $9,729,845. WSB has an address at: c/o Robinson Brog Leinwand Greene Genovese & Gluck P.C., 875 Third Avenue, New York, NY 10022, Attn: Adam J. Greene.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Section 363(f) of the Bankruptcy Code, the Assets will be sold free and clear of liens, claims, encumbrances, and interests (except for certain Permitted Encumbrances, if any, as may be set forth in the APA for the winning bid), whether consensual or arising by operation of law, with all such liens, claims, encumbrances, and interests to attach with equal effect and priority to the proceeds of sale. The

Assets are subject to a first priority security interest held by WSB as agent for the Secured Lenders.

**ANY OBJECTIONS TO THE SALE MOTION** must be stated in writing and must state with particularity the grounds for the objection and why the sale of the Assets should not be authorized and **must be filed with the Office of the Clerk of the Court by no later than 4:30 p.m. (prevailing Eastern Time) on October _____, 2015 (the "Objection Deadline")**, and a copy served upon each of the following persons so as to be received by such Objection Deadline:

> (a)    attorneys for the Debtor, Casner & Edwards, LLP, 303 Congress Street, Boston, MA 02210, Attn: Michael J. Goldberg, Esq., email: goldberg@casneredwards.com; and

> (b)    the United States Trustee, Attn: _____, Esq., United States Department of Justice, Office of the United States Trustee, 446 Main Street, 14th Floor, Worcester, MA 01608, Fax (617)____-_____, email _____@usdoj.gov.

Objections to the Sale Motion will be governed by Fed. R. Bankr. P. 9014.

**PLEASE TAKE FURTHER NOTICE THAT** a hearing (the "Sale Hearing") will be held before the Honorable Melvin S. Hoffman, at the United States Bankruptcy Court for the District of Massachusetts, Courtroom No. ___, Donohue Federal Building, 595 Main Street, Worcester, MA 01608, **on October ___, 2015 at _____ __.m. (prevailing Eastern Time)**, to consider approval of the Sale Motion and the sale of the Assets to WSB or other successful bidder as determined by the Debtor and approved by the Court. The Court may modify the method of sale set forth in this Notice at or prior to the Sale Hearing. The Court may take evidence at the Sale Hearing (or any hearing on approval of the Proposed Sale) to resolve issues of fact. If no objection to the Sale Motion or the Proposed Sale is filed, and no competing Qualified Bid submitted, then the Court may approve the Sale Motion and the Proposed Sale without requiring a hearing.

**PLEASE TAKE FURTHER NOTICE THAT**, if you are interested in submitting a bid to purchase the Assets or any substantial portion thereof, please contact the Debtor, Attention: John Schulte, Phone (617) ___-____, email: schultejohn@yahoo.com, in order to obtain additional information about the Assets and to arrange for execution and delivery to the Debtor of a confidentiality agreement pursuant to which such additional information will be provided. **Competing offers to purchase the Assets must comply with the procedures set forth immediately below concerning "Qualified Bids" to be considered for acceptance by the Debtor and approval by the Bankruptcy Court, and must be submitted by no later than October ___, 2015 at __:__ __.m. (prevailing Eastern Time) (the "Bid Deadline")**.

**PLEASE TAKE FURTHER NOTICE THAT**, in order for any competing purchase offer to constitute a "Qualified Bid", the competing offeror must file with the Bankruptcy Court and serve on undersigned counsel to the Debtor, **by no later than the Bid Deadline**, the following documents, deposit, and information (the "Required Bid Documents"):

2

- A legally-binding offer to purchase the Assets (or portion thereof) pursuant to a proposed asset purchase agreement (an "Asset Purchase Agreement") that is in the form of the APA, marked with any proposed changes from the APA (which changes shall be deemed to include, as to the competing offeror, deletion of any APA provisions governing WSB's right to credit bid or to receive sale proceeds), and providing for such offeror's purchase of the Assets on an "as is, where is" basis, for a cash purchase price of not less than $3,150,000, and not subject to any contingencies other than entry of an order of the Bankruptcy Court authorizing the Debtor's sale of the Assets free and clear of liens, claims, encumbrances, and interests in form and substance customary for Section 363 asset sales of similar nature. The offer embodied in a bidder's Asset Purchase Agreement must (i) not be subject to or conditioned upon any financing contingencies, or on the outcome of due diligence, except as otherwise permitted by the Debtor in consultation with WSB (and any creditors' committee), (ii) be binding on each entity or partner participating in the bid, (iii) not request or entitle the bidder to any breakup fee, termination fee, expense reimbursement or similar type of payment, and (iv) provide for the closing of such transaction within the same period as provided by the APA, except as may otherwise be agreed to by the Debtor in consultation with WSB (and any creditors' committee).

- A certified check or wire transfer representing a good faith deposit (the "Deposit"), in the amount of not less than $50,000, payable to the order of Casner & Edwards, LLP, as attorneys for the Debtor, and delivered to that firm at 303 Congress Street, Boston, Massachusetts, Attn:  Michael J. Goldberg.

- Written evidence of a commitment for financing sufficient to consummate, or other evidence satisfactory to the Debtor of the bidder's ability to consummate, its proposed purchase of the Assets.

- Full disclosure of the identity of each entity that will be participating in such bid, including any proposed designee(s), and sufficient financial and other information regarding the bidder and all other parties participating in the bid to satisfy the Debtor with respect to the requirements enumerated in Section 363(m) of the Bankruptcy Code.

- Written evidence that the bidder has obtained authorization and approval from its Board of Directors (or comparable governing body) with respect to the submission of its offer, or a representation that no such authorization and approval is required.

A competing bidder that submits Required Bid Documents meeting the above criteria will be a "Qualified Bidder."  The offer of WSB set forth in the APA shall be deemed to constitute a Qualified Bid and WSB is deemed to be a Qualified Bidder.  The Debtor may extend the Bid

Deadline once or successively as to any specific prospective bidders without further notice, but is not obligated to do so.

Irrevocability of Bids.  Bids shall be deemed irrevocable offers to acquire the Assets and shall remain irrevocable and subject to acceptance by the Debtor until the Debtor has designated the Successful Bid and Backup Bid (as defined herein) and the Bankruptcy Court has approved the Debtor's acceptance of the Successful Bid and designation of Backup Bid, at which time any other bids (except for the Backup Bid) shall be deemed rejected and such rejected bidders' Deposits returned, and the Backup Bid shall be deemed irrevocable until the third business day after the closing deadline for the Successful Bid.

**PLEASE TAKE FURTHER NOTICE THAT**, if at least two Qualified Bids are submitted by the Bid Deadline, then the Debtor shall conduct a public auction (the "Auction") with respect to the Proposed Sale.  **The Auction, should one be required, will take place beginning at 10:00 a.m. (prevailing Eastern Time) on October 16, 2015 at the offices of the Debtor's bankruptcy counsel, Casner & Edwards, LLP, 303 Congress Street, Boston, Massachusetts**, or such other time or place as the Debtor shall notify all Qualified Bidders who have submitted Qualified Bids.  Only Qualified Bidders who have submitted a Qualified Bid will be eligible to participate at the Auction.  At the Auction, each Qualified Bidder's auction bid(s) shall be deemed to be on the same terms and conditions as such bidder's Qualified Bid as set forth in its Asset Purchase Agreement, except for the offer price and otherwise as expressly agreed upon by the Debtor.  The Auction may be conducted as an open bid auction or by sealed-bid, and on such other terms and conditions as specified by the Debtor at the Auction.  At the conclusion of the bidding, the Debtor will determine (after consultation with any creditors' committee, if one is appointed), and then announce, the highest or best bid for the Assets (the "Successful Bid") and the Qualified Bidder submitting such bid (the "Successful Bidder"), subject only to entry by the Bankruptcy Court of an order approving the Successful Bid and authorizing the Debtor to consummate the sale following the conclusion of the hearing to consider approval of the Sale Motion and the Proposed Sale, upon which the proposed sale shall proceed to closing as provided by and pursuant to the terms and conditions of the APA (as it may be modified to reflect the Successful Bid and any related agreements between the Successful Bidder and the Debtor approved by, or as otherwise directed by, order of the Bankruptcy Court).  The Debtor's presentation to the Bankruptcy Court for approval of a particular Qualified Bid does not constitute the Debtor's acceptance of the bid.  The Debtor will have accepted a bid only when the bid has been approved by the Bankruptcy Court and the Debtor has executed the final form of the APA embodying the sale of the Assets as approved by the Bankruptcy Court.

Acceptance of Qualified Bid.  The Debtor's presentation to the Bankruptcy Court for approval of a particular Qualified Bid does not constitute the Debtor's acceptance of the bid.  The Debtor will have accepted a bid only when the bid has been approved by the Bankruptcy Court and the Debtor has executed the final form of the APA embodying the sale of the Assets as approved by the Bankruptcy Court.

Backup Bid.  If an Auction is conducted, then, at the conclusions of the Auction, the Debtor intends to designate a competing Bid ("Backup Bid") that shall be substituted for the Successful Bid in the event that the Successful Bidder is unable to consummate its acquisition of the Assets.

4

By submitting a Bid or participating in the Auction, each Bidder acknowledges and agrees that the Debtor may designate its Bid (whether submitted prior to or at the Auction) as a Backup Bid, that such Backup Bid shall remain open for acceptance by the Debtor until the third business day following the closing deadline established for the Successful Bid, and that the Debtor, as security for closing of the Backup Bid transaction, may retain such Backup Bidder's Deposit pending consummation of the sale of the Assets to the Successful Bidder (in which case such Deposit shall be returned to the Backup Bidder within three (3) business days after closing of the sale to the Successful Bidder).  If the Successful Bidder fails to close its Successful Bid by the applicable closing deadline (including as it may be extended for up to 30 days by agreement of the Debtor or order of the Bankruptcy Court), then (i) the Debtor shall be deemed to have accepted the Backup Bid as a replacement Successful Bid (the "Replacement Successful Bid"), and (ii) the Replacement Successful Bid shall thereafter for purposes of these Sale Procedures be deemed to be the Successful Bid except that the closing deadline for the Replacement Successful Bid shall be recomputed  for such Bid as if the Sale Order had been entered on the defaulting Successful Bidder's closing deadline.

<u>Agreed Damages; Retention of Deposit</u>.  If the Successful Bidder fails to timely close its purchase of the Assets for any reason other than the Debtor's breach of the Asset Purchase Agreement, then such Successful Bidder's Deposit shall be retained by the Debtor as liquidated damages, and the Debtor may proceed to close the sale of the Assets with the Backup Bidder.

　　　　**PLEASE TAKE FURTHER NOTICE THAT** any interested party requesting additional information with respect to the Proposed Sale or with respect to submitting a bid to purchase the Assets may (in addition to contacting the Debtor as set forth above) contact counsel to the Debtor, Michael J. Goldberg, Casner & Edwards, LLP, 303 Congress Street, Boston, MA 02210, Phone (617) 426-5900, email goldberg@casneredwards.com, provided that notwithstanding any information which may be provided, all entities submitting an offer shall be relying upon their own independent due diligence and analysis.

　　　　**PLEASE TAKE FURTHER NOTICE THAT** copies of the Sale Motion and the APA may be obtained from the Office of the Clerk of the Bankruptcy Court, Donohue Federal Building, 595 Main Street, Worcester, MA 01608, or without cost by making a written request to undersigned counsel to the Debtor.

Dated: September __, 2015　　　　　　CAMBRIDGE ENDOSCOPIC DEVICES, INC.


　　　　　　　　　　　　　　　By its attorneys,

　　　　　　　　　　　　　　　 /s/ A. Davis Whitesell
　　　　　　　　　　　　　　　Michael J. Goldberg (BBO #551869)
　　　　　　　　　　　　　　　A. Davis Whitesell (BBO #551462)
　　　　　　　　　　　　　　　Casner & Edwards, LLP
　　　　　　　　　　　　　　　303 Congress Street
　　　　　　　　　　　　　　　Boston, MA  02210
　　　　　　　　　　　　　　　Tel: 617-426-5900
　　　　　　　　　　　　　　　Email: whitesell@casneredwards.com

## CERTIFICATE OF SERVICE

I, A. Davis Whitesell, Esq., hereby certify that on September ___, 2015, I caused a copy of the foregoing **Debtor's Motion for Order (A) Approving Procedures for Sale of Substantially All Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; and (B) Approving Form and Manner of Sale Notice**, with all Exhibits, to be served (A) by email through the Court's ECF system to all entities that are registered users thereof in this Chapter 11 case (including the United States Trustee), and (B) by United States first class mail (i) to the Debtor's 20 largest unsecured creditors as listed on the attached service list, and (ii) to the Debtor and the agent for the Debtor's secured lenders (and stalking horse bidder) and its counsel at the mailing addresses set forth below:

Cambridge Endoscopic Devices, Inc.
Attn:  John Schulte
119 Herbert Street
Framingham, MA 01702

White Sand Beach LLC
c/o Robinson Brog Leinwand Greene Genovese & Gluck P.C.
875 Third Avenue
New York, NY 10022

Dated: September ___, 2015                     /s/ A. Davis Whitesell
                                               A. Davis Whitesell (BBO#551462)
                                               Casner & Edwards, LLP
                                               303 Congress Street
                                               Boston, MA  02210
                                               Tel: 617-426-5900
                                               Email: whitesell@casneredwards.com

20 Largest Creditors

David Kaplan
D. Kaplan LTD Partnership
11049E. Tamarisk Way
Scottsdale, AZ 85262

Michael Simons
16 Minor Street, #503
Boston, MA 02215

David Driscoll
1201 Canton Ave
Milton, MA 01286

Paul Mraz
46 partridge Road
Duxbury, MA 02332

David Driscoll
1201 Canton Ave
Milton, MA 01286

Paul Mraz
46 partridge Road
Duxbury, MA 02332

David Kaplan
David and Helen Kaplan JTWROS
11049E. Tamarisk Way
Scottsdale, AZ 85262

Peter Jenkins
17 Chachapassett Road
Barrington, RI 02806

Goodwin Procter, LLP
Exchange Place 53State Street
Boston, MA 02109

Phillip Henderson
67 Anawam Road
Waban, MA 02468

Gunderson Dettmer
1200 Seaport Blvd.
Boston, MA 02210

Schreiber, Saul N.
Saul and Elaine Schreiber Family Trust
Ahad Ha'am 13/5
ISRAEL

Morey Levovitz
Independent Tallow, Inc
1215 Chestnut Street
Newton Upper Falls, MA 02464

Schreiber, Saul N.
Saul and Elaine Schreiber Family Trust
Ahad Ha'am 13/5
ISRAEL

Jin Young Kim
Sundang Raemian, E-pyunhansesang
Apt 305/1101, 839 Sunddang-dong
SOUTH KOREA

Stanley Goldstein
24 Hobart Terrace
Newton Center, MA 02459

Joong Hahn
374 Sagamore Road
Northfield, OH 44067

Walter Winshall
3 Ferndale Road
Weston, MA 02493

Michael Rubin
539 Sunset Boulevar
Baton Rouge, LA 70808

Adam J. Greene, Esq.
White Sand Beach
1270, Avenue of the Americas
New York, NY 10020