UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| | ) | Chapter 11 |
| CAMBRIDGE ENDOSCOPIC DEVICES, INC. | ) | |
| | ) | Case No. 15-41706-MSH |
| Debtor. | ) | |
| | ) | |

## NOTICE OF (A) INTENDED SALE OF SUBSTANTIALLY ALL ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (B) DEADLINES AND PROCEDURES FOR SUBMITTING OFFERS AND OBJECTIONS; AND (C) HEARING DATE

To Creditors and Parties in Interest:

**PLEASE TAKE NOTICE THAT,** pursuant to Section 363 of the Bankruptcy Code, Fed. R. Bankr. P. 2002 and 6004, and MLBR 6004-1, and the Debtor's Motion For Authority to Sell Substantially All Assets Free and Clear of Liens, Claim, Encumbrances, and Interests Pursuant to Section 363 of the Bankruptcy Code and Court-Approved Sale Procedures dated September 4, 2015 [Docket No. 8] (the "Sale Motion"), Cambridge Endoscopic Devices, Inc. (the "Debtor"), proposes to sell substantially all of the Debtor's assets, including without limitation the Debtor's (i) tangible personal property (including machinery and tooling, manufacturing fixtures, research equipment, inventory, computers and related equipment, and office equipment and furniture), and (ii) intellectual property consisting chiefly of patents, patent applications, and trademarks (collectively, the "Assets"), to White Sand Beach LLC ("WSB"), in its capacity as agent for the Debtor's secured lenders, or to such other entity that submits the highest or otherwise best offer to acquire the Assets (the "Proposed Sale").

The Proposed Sale is to be made pursuant to the Asset Purchase Agreement between the Debtor and WSB (the "APA") attached as <u>Exhibit A</u> to the Sale Motion, and pursuant to the procedures set forth below in this Notice. A more detailed description of the Assets, and of the terms and conditions of the Proposed Sale, is set forth in the APA. WSB is the Debtor's principal secured lender, and, as set forth in the APA, WSB as agent for all of the Debtor's secured lenders (the "Secured Lenders") shall pay $3,000,000 of the $3,100,000 purchase price through application of the Secured Lenders' aggregate claim against the Debtor in the asserted amount of $9,729,845. WSB has an address at: c/o Robinson Brog Leinwand Greene Genovese & Gluck P.C., 875 Third Avenue, New York, NY 10022, Attn: Adam J. Greene.

**PLEASE TAKE FURTHER NOTICE THAT,** pursuant to Section 363(f) of the Bankruptcy Code, the Assets will be sold free and clear of liens, claims, encumbrances, and interests (except for certain Permitted Encumbrances, if any, as may be set forth in the APA for the winning bid), whether consensual or arising by operation of law, with all such liens, claims, encumbrances, and interests to attach with equal effect and priority to the proceeds of sale. The

Assets are asserted to be subject to a first priority security interest held by WSB as agent for the Secured Lenders.

**ANY OBJECTIONS TO THE SALE MOTION** must be stated in writing and must state with particularity the grounds for the objection and why the sale of the Assets should not be authorized and **must be filed with the Office of the Clerk of the Court by no later than 4:30 p.m. (prevailing Eastern Time) on November 19, 2015 (the "Objection Deadline")**, and a copy served upon each of the following persons so as to be received by such Objection Deadline:

        (a)      attorneys for the Debtor, Casner & Edwards, LLP, 303 Congress Street, Boston, MA 02210, Attn: Michael J. Goldberg, Esq., email: goldberg@casneredwards.com; and

        (b)      the United States Trustee, Attn: Richard T. King, United States Department of Justice, Office of the United States Trustee, 446 Main Street, 14th Floor, Worcester, MA 01608, Fax (508) 793-0558, email richard.t.king@usdoj.gov.

Objections to the Sale Motion will be governed by Fed. R. Bankr. P. 9014.

**PLEASE TAKE FURTHER NOTICE THAT** a hearing (the "Sale Hearing") will be held before the Honorable Christopher J. Panos, at the United States Bankruptcy Court for the District of Massachusetts, Courtroom No. 3, Donohue Federal Building, 595 Main Street, Worcester, MA 01608, **on November 30, 2015 at 10:00 a.m. (prevailing Eastern Time)**, to consider approval of the Sale Motion and the sale of the Assets to WSB or other successful bidder as determined by the Debtor and approved by the Court. The Court may modify the method of sale set forth in this Notice at or prior to the Sale Hearing. The Court may take evidence at the Sale Hearing (or any hearing on approval of the Proposed Sale) to resolve issues of fact. If no objection to the Sale Motion or the Proposed Sale is filed, and no competing Qualified Bid submitted, then the Court may approve the Sale Motion and the Proposed Sale without requiring a hearing.

**PLEASE TAKE FURTHER NOTICE THAT**, if you are interested in submitting a bid to purchase the Assets or any substantial portion thereof, please contact the Debtor, Attention: John Schulte, Phone (719) 649-5899, email: schultejohn@yahoo.com, in order to obtain additional information about the Assets and to arrange for execution and delivery to the Debtor of a confidentiality agreement pursuant to which such additional information will be provided. **Competing offers to purchase the Assets must comply with the procedures set forth immediately below concerning "Qualified Bids" to be considered for acceptance by the Debtor and approval by the Bankruptcy Court, and must be submitted by no later than November 19, 2015 at 5:00 p.m. (prevailing Eastern Time) (the "Bid Deadline")**.

**PLEASE TAKE FURTHER NOTICE THAT**, in order for any competing purchase offer to constitute a "Qualified Bid", the competing offeror must file with the Bankruptcy Court and serve on undersigned counsel to the Debtor, **by no later than the Bid Deadline**, the following documents, deposit, and information (the "Required Bid Documents"):

- A legally-binding offer to purchase the Assets (or portion thereof)
  pursuant to a proposed asset purchase agreement (an "Asset Purchase
  Agreement") that is in the form of the APA, marked with any proposed
  changes from the APA (which changes shall be deemed to include, as to
  the competing offeror, deletion of any APA provisions governing WSB's
  right to credit bid or to receive sale proceeds), and providing for such
  offeror's purchase of the Assets on an "as is, where is" basis, for a cash
  purchase price of not less than $3,150,000, and not subject to any
  contingencies other than entry of an order of the Bankruptcy Court
  authorizing the Debtor's sale of the Assets free and clear of liens, claims,
  encumbrances, and interests in form and substance customary for Section
  363 asset sales of similar nature. The offer embodied in a bidder's Asset
  Purchase Agreement must (i) not be subject to or conditioned upon any
  financing contingencies, or on the outcome of due diligence, except as
  otherwise permitted by the Debtor in consultation with WSB (and any
  creditors' committee), (ii) be binding on each entity or partner
  participating in the bid, (iii) not request or entitle the bidder to any
  breakup fee, termination fee, expense reimbursement or similar type of
  payment, and (iv) provide for the closing of such transaction within the
  same period as provided by the APA, except as may otherwise be agreed
  to by the Debtor in consultation with WSB (and any creditors' committee).

- A certified check or wire transfer representing a good faith deposit (the
  "Deposit"), in the amount of not less than $50,000, payable to the order of
  Casner & Edwards, LLP, as attorneys for the Debtor, and delivered to that
  firm at 303 Congress Street, Boston, Massachusetts, Attn: Michael J.
  Goldberg.

- Written evidence of a commitment for financing sufficient to consummate,
  or other evidence satisfactory to the Debtor of the bidder's ability to
  consummate, its proposed purchase of the Assets.

- Full disclosure of the identity of each entity that will be participating in
  such bid, including any proposed designee(s), and sufficient financial and
  other information regarding the bidder and all other parties participating in
  the bid to satisfy the Debtor with respect to the requirements enumerated
  in Section 363(m) of the Bankruptcy Code.

- Written evidence that the bidder has obtained authorization and approval
  from its Board of Directors (or comparable governing body) with respect
  to the submission of its offer, or a representation that no such
  authorization and approval is required.

A competing bidder that submits Required Bid Documents meeting the above criteria will be
a "Qualified Bidder." The offer of WSB set forth in the APA shall be deemed to constitute a
Qualified Bid and WSB is deemed to be a Qualified Bidder. The Debtor may extend the Bid

Deadline once or successively as to any specific prospective bidders without further notice, but is not obligated to do so.

Irrevocability of Bids. Bids shall be deemed irrevocable offers to acquire the Assets and shall remain irrevocable and subject to acceptance by the Debtor until the Debtor has designated the Successful Bid and Backup Bid (as defined herein) and the Bankruptcy Court has approved the Debtor's acceptance of the Successful Bid and designation of Backup Bid, at which time any other bids (except for the Backup Bid) shall be deemed rejected and such rejected bidders' Deposits returned, and the Backup Bid shall be deemed irrevocable until the third business day after the closing deadline for the Successful Bid.

**PLEASE TAKE FURTHER NOTICE THAT,** if at least two Qualified Bids (including the bid submitted by WSB as set forth in the APA) are submitted by the Bid Deadline, then the Debtor shall conduct a public auction (the "Auction") with respect to the Proposed Sale. **The Auction, should one be required, will take place beginning at 10:00 a.m. (prevailing Eastern Time) on November 23, 2015 at the United States Bankruptcy Court for the District of Massachusetts, Courtroom No. 3, Donohue Federal Building, 595 Main Street, Worcester, MA 01608.** Only Qualified Bidders who have submitted a Qualified Bid will be eligible to participate at the Auction. At the Auction, each Qualified Bidder's auction bid(s) shall be deemed to be on the same terms and conditions as such bidder's Qualified Bid as set forth in its Asset Purchase Agreement, except for the offer price and otherwise as expressly agreed upon by the Debtor. The Auction may be conducted as an open bid auction or by sealed-bid, and on such other terms and conditions as specified by the Debtor at the Auction. At the conclusion of the bidding, the Debtor will determine (after consultation with any creditors' committee, if one is appointed), and then announce, the highest or best bid for the Assets (the "Successful Bid") and the Qualified Bidder submitting such bid (the "Successful Bidder"), subject only to entry by the Bankruptcy Court of an order approving the Successful Bid and authorizing the Debtor to consummate the sale following the conclusion of the hearing to consider approval of the Sale Motion and the Proposed Sale, upon which the proposed sale shall proceed to closing as provided by and pursuant to the terms and conditions of the APA (as it may be modified to reflect the Successful Bid and any related agreements between the Successful Bidder and the Debtor approved by, or as otherwise directed by, order of the Bankruptcy Court). The Debtor's presentation to the Bankruptcy Court for approval of a particular Qualified Bid does not constitute the Debtor's acceptance of the bid. The Debtor will have accepted a bid only when the bid has been approved by the Bankruptcy Court and the Debtor has executed the final form of the APA embodying the sale of the Assets as approved by the Bankruptcy Court.

Acceptance of Qualified Bid. The Debtor's presentation to the Bankruptcy Court for approval of a particular Qualified Bid does not constitute the Debtor's acceptance of the bid. The Debtor will have accepted a bid only when the bid has been approved by the Bankruptcy Court and the Debtor has executed the final form of the APA embodying the sale of the Assets as approved by the Bankruptcy Court.

Backup Bid. If an Auction is conducted, then, at the conclusions of the Auction, the Debtor intends to designate a competing Bid ("Backup Bid") that shall be substituted for the Successful Bid in the event that the Successful Bidder is unable to consummate its acquisition of the Assets.

By submitting a Bid or participating in the Auction, each Bidder acknowledges and agrees that the Debtor may designate its Bid (whether submitted prior to or at the Auction) as a Backup Bid, that such Backup Bid shall remain open for acceptance by the Debtor until the third business day following the closing deadline established for the Successful Bid, and that the Debtor, as security for closing of the Backup Bid transaction, may retain such Backup Bidder's Deposit pending consummation of the sale of the Assets to the Successful Bidder (in which case such Deposit shall be returned to the Backup Bidder within three (3) business days after closing of the sale to the Successful Bidder). If the Successful Bidder fails to close its Successful Bid by the applicable closing deadline (including as it may be extended for up to 30 days by agreement of the Debtor or order of the Bankruptcy Court), then (i) the Debtor shall be deemed to have accepted the Backup Bid as a replacement Successful Bid (the "Replacement Successful Bid"), and (ii) the Replacement Successful Bid shall thereafter for purposes of these Sale Procedures be deemed to be the Successful Bid except that the closing deadline for the Replacement Successful Bid shall be recomputed for such Bid as if the Sale Order had been entered on the defaulting Successful Bidder's closing deadline.

Agreed Damages; Retention of Deposit. If the Successful Bidder fails to timely close its purchase of the Assets for any reason other than the Debtor's breach of the Asset Purchase Agreement, then such Successful Bidder's Deposit shall be retained by the Debtor as liquidated damages, and the Debtor may proceed to close the sale of the Assets with the Backup Bidder.

**PLEASE TAKE FURTHER NOTICE THAT** any interested party requesting additional information with respect to the Proposed Sale or with respect to submitting a bid to purchase the Assets may (in addition to contacting the Debtor as set forth above) contact counsel to the Debtor, Michael J. Goldberg, Casner & Edwards, LLP, 303 Congress Street, Boston, MA 02210, Phone (617) 426-5900, email goldberg@casneredwards.com, provided that notwithstanding any information which may be provided, all entities submitting an offer shall be relying upon their own independent due diligence and analysis.

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Sale Motion and the APA may be obtained from the Office of the Clerk of the Bankruptcy Court, Donohue Federal Building, 595 Main Street, Worcester, MA 01608, or without cost by making a written request to undersigned counsel to the Debtor.

Dated: September __, 2015               CAMBRIDGE ENDOSCOPIC DEVICES, INC.

                                        By its attorneys,

                                        /s/ A. Davis Whitesell
                                        Michael J. Goldberg (BBO #551869)
                                        A. Davis Whitesell (BBO #551462)
                                        Casner & Edwards, LLP
                                        303 Congress Street
                                        Boston, MA 02210
                                        Tel: 617-426-5900
                                        Email: whitesell@casneredwards.com

58590.0/622823.1