UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re | ) |
| | ) |
| | ) Chapter 11 |
| CAMBRIDGE ENDOSCOPIC DEVICES, INC. | ) |
| | ) Case No. 15-41706-CJP |
| Debtor. | ) |
| | ) |

**DECLARATION OF JOHN SCHULTE IN SUPPORT OF
DEBTOR'S MOTION FOR AUTHORITY TO SELL SUBSTANTIALLY
ALL ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES,
AND INTERESTS PURSUANT TO SECTION 363 OF THE
<u>BANKRUPTCY CODE AND COURT-APPROVED SALE PROCEDURES</u>**

I, John Schulte, declare and state as follows:

1.	I am currently providing services to Cambridge Endoscopic Devices, Inc., the Debtor and debtor-in-possession in this Chapter 11 case, in connection with the marketing of its assets to potential bidders, on a consulting basis. Prior to September, 2014, I served as the Debtor's President and Chief Executive Officer.

2.	I submit this declaration in connection with the Debtor's Motion for Authority to Sell Substantially All Assets Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to Section 363 of the Bankruptcy Code and Court-Approved Sale Procedures [Doc. No. 6] (the "Sale Motion"), filed with this Court on September 4, 2015 – specifically, to provide the Court with information concerning the efforts undertaken by the Debtor to market its assets to potential bidders.

3.	On September 4, 2015, the Debtor filed the Sale Motion and the Debtor's Motion for an Order (A) Approving Procedures Governing Proposed Sale of Substantially All Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, and (B) Approving Form and

Manner of Notice of Sale [Doc. No. 8] (the "Sale Procedures Motion"). This Court's Order (A) Approving Procedures Governing Proposed Sale of Substantially All Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, and (B) Approving Form and Manner of Notice Of Sale [Doc No. 28] (the "Sale Procedures Order") was entered on September 25, 2015. The marketing efforts described in this Declaration were undertaken in accordance with the Sale Procedures Order.

4. As set forth in the Sale Motion and the Sale Procedures Motion, in 2013, the Debtor engaged the services of MedCap Advisors LLC ("MedCap"), an investment banker with expertise in the medical devices industry, to explore a sale of the Debtor as a going concern or other strategic transactions that might realize upon the value of the Debtor's technology and intellectual property. This effort did not lead to a transaction, and the Debtor ended its relationship with MedCap in January 2014. Thereafter, Woojin Lee and I continued to work with the Debtor's board of directors to try to sell the Debtor and its assets. That effort identified approximately 40 prospective acquirers of the Debtor's assets whom the Debtor intended to re-solicit pursuant to the Sale Procedures Order.

5. Beginning on September 28, 2015, and continuing through October 1, 2015, I sent copies of the Notice of (A) Intended Sale of Substantially All Assets Free and Clear of Liens, Claims, Encumbrances and Interests; (B) Deadlines and Procedures for Submitting Offers and Objections; and (C) Hearing Date [Doc. No. 31] to the prospective acquirers listed on Exhibit A to this Declaration (the "Prospective Bidders"), together with a copy of (i) the Asset Purchase Agreement between the Debtor and White Sand Beach, LLC attached to the Motion (the "APA"), (ii) a copy of the Press Release described below, and (iii) a 52-slide PowerPoint

information memorandum outlining the Debtor's technology, intellectual property, markets and business prospects for the Prospective Bidders, a copy of which is attached hereto as <u>Exhibit B</u>.

6. During the same period, I sent a press release (the "Press Release") to the following periodicals:

- Business Wire;
- OrthoWorld; and
- Medical Device Daily.

The Press Release was posted by Business Wire on September 29, 2015 (a copy of which is attached hereto as <u>Exhibit C</u>), and by OrthoWorld on September 30, 2015. An announcement respecting the Debtor's asset sale also appeared in Medical Device Daily on September 30, 2015.

7. Following the initial mailing described above, starting on October 2, 2015, I made telephone contact with a number of entities on the list of Prospective Bidders that I felt were the companies most likely to be interested in the Debtor's technology and intellectual property. The entities I contacted were:

- Covidien
- Aesculap
- JNJ/Ethicon
- Carefusion
- Lumenis
- Teleflex
- Frankenmann
- Applied Medical
- Grena Medical
- Bovie Medical
- ConMed
- Microline
- Integra Lifesciences
- Multiscopic Instruments
- Flex Surgical
- Medrobotics
- Symmetry Surgical
- Stryker
- Atricure

3

- Cardica

Of these entities, 15 indicated that they were not interested in pursuing this opportunity. However, five of those Prospective Bidders – Medrobotics, Symmetry Surgical, Stryker Corporation, Atricure and Cardica – told me that they might consider participating in the auction sale of the Debtor's assets, and stated that they would get back to me after further consideration.

8. At the end of October, I reached out again to those Prospective Bidders who had communicated an interest in the Debtor, to see if they had decided to submit a bid, or needed additional information regarding the Debtors' assets. At the same time, I reached out to a number of firms that specialized in acquiring patent portfolios in order to license those patents, or to prosecute infringement claims, to see if I could generate interest among these potential bidders. The patent firms that I contacted were:

- Iceberg Capital
- Joppa Marketing
- Acacia Research
- WiLAN
- Intellectual Ventures
- MyHealth Inc.

9. In addition, earlier this month, I spoke with Steven Gerbsman, of Gerbsman Partners, a San Francisco based firm specializing in distressed asset sales and investments. Mr. Gerbsman, who initially reached out to our counsel, stated that he represented an potential buyer whose identity he could not reveal. We provided him with the information package that we had given to other Prospective Bidders. Ultimately, our counsel informed me that Mr. Gerbsman's clients had declined to go forward with a bid.

10. Unfortunately, my efforts at generating interest among the primary prospects and patent firms were not successful. Among the companies I believed would have the greatest interest in the Debtor's assets, ConMed recently completed the acquisition of Surgiquest, and

4

was not prepared to make an offer for the Debtor's assets while it integrated its newly-acquired company into its operations. Microline – considered a leading prospect because it already held stock in the Debtor – was unable to convince its Japan-based parent to allow it to participate in the auction. A third prospect, Stryker, had initially indicated interest in the Debtor's intellectual property, but failed to submit a timely bid.

10. Although I am disappointed that no alternative bidder submitted a timely bid for the Debtor's assets, I am confident that the Debtor made an extensive and bona fide effort to produce an alternative bid. Our efforts were extensive, and designed to canvas the relevant market for offers for the Debtor's assets. After more than two years, both before and during this Chapter 11 case, seeking to find a buyer for the Debtor, I believe that there simply is not a market for the Debtor's assets at this time at a price greater than that offered by White Sand Beach, LLC.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 25th day of November, 2015, at Wellesley, Massachusetts.

_____
John Schulte

58590.0/629081.1

## **CERTIFICATE OF SERVICE**

I, Michael J. Goldberg, certify that on November 25, 2015, I caused to be served the foregoing, via the Court's CM/ECF system, upon all registered users in this Chapter 11 case.

|  |  |
|---|---|
|  | */s/ Michael J. Goldberg*　　　　　 |
|  | Michael J. Goldberg (BBO #551869) |
|  | Casner & Edwards, LLP |
|  | 303 Congress Street |
|  | Boston, MA 02210 |
|  | Tel.: 617-426-5900 |
|  | Fax: 617-426-8810 |
| Dated: November 25, 2015 | Email: goldberg@casneredwards.com |

58590.0/629081.1