UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

|  |  |
|---|---|
| In re | ) |
|  | ) |
|  | ) Chapter 11 |
| CAMBRIDGE ENDOSCOPIC DEVICES, INC. | ) |
|  | ) Case No. 15-41706-MSH |
| Debtor. | ) |
|  | ) |

**DEBTOR'S MOTION FOR SUPPLEMENTAL ORDER
APPROVING FORM AND MANNER OF ADDITIONAL NOTICE OF SALE
[DETERMINATION WITHOUT HEARING REQUESTED]**

Cambridge Endoscopic Devices, Inc. (the "Debtor") hereby moves this Court pursuant to Fed. R. Bankr. P. 2002(a)(2) and 6004 and MLBR 6004-1 and 9013-1(e)(2) for a supplemental order approving the Debtor's belated provision to certain creditors of notice of the Debtor's proposed sale of substantially all of its assets (collectively, the "Assets") to White Sand Beach LLC ("WSB"), in its capacity as agent for the Debtor's secured lenders (the "Secured Lenders"). But for the Debtor's failure to provide notice in accordance with this Court's order approving the procedures governing the proposed sale entered on September 25, 2015 [Docket No. 28] (the "Sale Procedures Order"), the sale of the Assets to WSB would be ready for approval. **In order that the proposed sale might be approved and close by year end 2015, the Debtor requests that this Court set an extended counteroffer and objection deadline of December 15, 2015 and approve notice of the proposed sale and extended counteroffer and objection deadline in the form attached as <u>Exhibit A</u>, including as such Notice is completed with the appropriate dates (including for any required auction and sale hearing).  Because the relief sought is essentially administrative in nature, the Debtor seeks approval of this Motion**

**without need for hearing as permitted under MLBR 9013-1(e)(2).** As grounds for the requested relief, the Debtor states as follows:

### Background

1. On September 3, 2015 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code with this Court. The Debtor continues to manage its business and financial affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. On September 4, 2015, the Debtor filed its motion seeking authority to sell the Assets to WSB or other bidder as determined after a marketing and competitive bidding process customary for Section 363 asset sales [Docket No. 6] (the "Sale Motion").

3. On September 4, 2015, the Debtor also filed its motion seeking approval of the procedures governing the marketing and bidding process and the related provision of notice of the proposed sale to creditors [Docket No. 8] (the "Sale Procedures Motion").

4. Both the Sale Motion and the Sale Procedures Motion were served on the Debtor's 20 largest unsecured creditors, as reflected by the Certificate of Service filed by Debtor's counsel on September 4, 2015 [Docket No. 9].

5. On September 22, 2015 this Court conducted a hearing on the Sale Procedures Motion, and on September 25, 2015 this Court entered the Sale Procedures Order.

6. The Sale Procedures Order established, at paragraph 6 thereof, the manner in which the Assets were to be marketed to prospective competitive bidders [¶ 6.C] and the manner in which notice of the proposed sale was to be provided to creditors and other parties in interest [¶¶ 6.A and 6.B].

7.   The Debtor promptly undertook the marketing process contemplated by the Sale Procedures Motion, including in accordance with paragraph 6.C of the Sale Procedures Order, as evidenced by the Affidavit of John Schulte in support of the Sale Motion filed on November 25, 2015 [Docket No. 54, at ¶¶ 5-9]. Unfortunately, Debtor's counsel inadvertently failed to provide notice of the sale as required by paragraphs 6.A and 6.B of the Sale Procedures Order, a failure only realized by counsel on November 26, 2015 while preparing the proposed sale approval order that the Court directed be lodged by November 27 [Docket No. 55].[1]

**Relief Requested**

8.   By this Motion, the Debtor seeks supplemental approval of the manner in which notice of the proposed sale of the Assets to WSB will now be provided to creditors. The Debtor proposes to mail the proposed Notice attached as Exhibit A to all of the Debtor's known creditors and to the other parties in interest identified in paragraphs 6.A and 6.B of the Sale Procedures Order. The attached proposed Notice is identical to the form of notice approved by the Sale Procedures Order, except that spaces for the dates for the deadlines for objections and counteroffers, for any required auction, and for any required sale hearing, have been left blank to accommodate the Court's selection of appropriate dates.

9.   As noted, the Debtor proposes that the Court select December 15, 2015 as the new deadline for objections and counteroffers. Fed. R. Bankr. P. 2002(a)(2) permits the Court to shorten the customary 21 day notice period for cause. The Debtor submits that cause exists here, where (i) the Assets have been extensively marketed both prepetition and post-petition, (ii) initial

---

[1] Debtor's counsel is understandably chagrined at the oversight. Looking back at the events of late September, when the Sale Procedures Order was entered and the marketing and bid solicitation effort commenced, counsel can only report that of the two Casner attorneys responsible for handling representation of the Debtor, one departed on a week-long vacation the day the Sale Procedures Order was entered, and was not mindful of the need to provide notice, and the second was preoccupied with pressing family matters that included, during the week following entry of the Sale Procedures Order, the out-of-state funeral of one close family member and the terminal illness and death of a second close family member.

3

notice of the proposed sale was provided to the Debtor's 20 largest unsecured creditors back in September 2015, (iii) many of the unsecured creditors, including those with the largest claims, are party to a subordination agreement with WSB (as agent for the Secured Lenders) that leaves them without any pecuniary interest in any sale of the Assets for less than approximately $9.7 million and, consequently, without any substantial economic motivation to contest the proposed sale of the Assets for $3.1 million, and (iv) setting December 15, 2015 as the new objection and counteroffer deadline should permit the sale of the Assets to WSB to close by year end, including after any hearing to consider an objection in the unanticipated event that one is filed. The Debtor will serve the proposed Notice by mail to all entities identified in paragraphs 6.A and 6.B of the Sale Procedures Order within one business day after entry of an order granting the requested relief and approving the form of Notice.

10. While the Debtor does not expect that there will be any need for an auction or a sale hearing, the Debtor requests for purposes of the proposed Notice that the Court select a date for the auction that is two business days after the objection and counteroffer deadline, and a hearing date that is two business days after the auction (or such other appropriate date as the Court's calendar permits). The Debtor submits that, should the Court select December 15 as the objection/counteroffer deadline, this proposed scheduling will permit approval and close of the sale transaction by year end even in the unanticipated event of a counteroffer or objection.

11. Once the extended deadline for counteroffers and objections is established, the Debtor intends to lodge a proposed order approving the sale of the Assets to WSB (which proposed order will refer to this Motion and any order granting the requested relief), as contemplated by this Court's extant directive [Docket No. 55]. If, as expected, there are no objections filed or counteroffers submitted by the extended deadline, then the Debtor would

4

request that the Court enter such proposed order promptly without requiring any further hearing on the Sale Motion.

### Notice

12. The Debtor through its undersigned counsel is serving a copy of this Motion through the Court's ECF system to all registered users thereof in this case, including counsel to the United States Trustee and all parties that have requested notice and service of pleadings in this case.  A certificate of service is attached.  The Debtor requests that this Court find such notice to be appropriate and sufficient in the particular circumstances.

### Conclusion

WHEREFORE, the Debtor respectfully requests that this Court grant this Motion, establish December 15, 2015 as the new deadline for the submission of any counteroffers to acquire the Assets and objections to the proposed sale, establish appropriate corresponding dates for any required auction and sale hearing, and approve the form of notice attached as <u>Exhibit A</u> as completed to reflect the dates selected by the Court.

Dated: November 27, 2015CAMBRIDGE ENDOSCOPIC DEVICES, INC.

By its counsel,


 /s/ A. Davis Whitesell
Michael J. Goldberg (BBO #551869)
A. Davis Whitesell (BBO #551462)
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210
Tel: 617-426-5900
Email: whitesell@casneredwards.com

**<u>Exhibit A</u>**

**[Proposed Notice]**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re | ) |
| | ) Chapter 11 |
| CAMBRIDGE ENDOSCOPIC DEVICES, INC. | ) |
| | ) Case No. 15-41706-MSH |
| Debtor. | ) |

**NOTICE OF (A) INTENDED SALE OF SUBSTANTIALLY ALL ASSETS
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES,
AND INTERESTS; (B) DEADLINES AND PROCEDURES FOR
SUBMITTING OFFERS AND OBJECTIONS; AND (C) HEARING DATE**

To Creditors and Parties in Interest:

**PLEASE TAKE NOTICE THAT**, pursuant to Section 363 of the Bankruptcy Code, Fed. R. Bankr. P. 2002 and 6004, and MLBR 6004-1, and the Debtor's Motion For Authority to Sell Substantially All Assets Free and Clear of Liens, Claim, Encumbrances, and Interests Pursuant to Section 363 of the Bankruptcy Code and Court-Approved Sale Procedures dated September 4, 2015 [Docket No. 6] (the "Sale Motion"), Cambridge Endoscopic Devices, Inc. (the "Debtor"), proposes to sell substantially all of the Debtor's assets, including without limitation the Debtor's (i) tangible personal property (including machinery and tooling, manufacturing fixtures, research equipment, inventory, computers and related equipment, and office equipment and furniture), and (ii) intellectual property consisting chiefly of patents, patent applications, and trademarks (collectively, the "Assets"), to White Sand Beach LLC ("WSB"), in its capacity as agent for the Debtor's secured lenders, or to such other entity that submits the highest or otherwise best offer to acquire the Assets (the "Proposed Sale").

The Proposed Sale is to be made pursuant to the Asset Purchase Agreement between the Debtor and WSB (the "APA") attached as <u>Exhibit A</u> to the Sale Motion, and pursuant to the procedures set forth below in this Notice.  A more detailed description of the Assets, and of the terms and conditions of the Proposed Sale, is set forth in the APA.  WSB is the Debtor's principal secured lender, and, as set forth in the APA, WSB as agent for all of the Debtor's secured lenders (the "Secured Lenders") shall pay $3,000,000 of the $3,100,000 purchase price through application of the Secured Lenders' aggregate claim against the Debtor in the asserted amount of $9,729,845.  WSB has an address at:  c/o Robinson Brog Leinwand Greene Genovese & Gluck P.C., 875 Third Avenue, New York, NY 10022, Attn:  Adam J. Greene.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Section 363(f) of the Bankruptcy Code, the Assets will be sold free and clear of liens, claims, encumbrances, and interests (except for certain Permitted Encumbrances, if any, as may be set forth in the APA for the winning bid), whether consensual or arising by operation of law, with all such liens, claims, encumbrances, and interests to attach with equal effect and priority to the proceeds of sale.  The

Assets are subject to a first priority security interest held by WSB as agent for the Secured Lenders.

**ANY OBJECTIONS TO THE SALE MOTION** must be stated in writing and must state with particularity the grounds for the objection and why the sale of the Assets should not be authorized and **must be filed with the Office of the Clerk of the Court by no later than 4:30 p.m. (prevailing Eastern Time) on December \_\_\_\_, 2015 (the "Objection Deadline")**, and a copy served upon each of the following persons so as to be received by such Objection Deadline:

(a)   attorneys for the Debtor, Casner & Edwards, LLP, 303 Congress Street, Boston, MA 02210, Attn: Michael J. Goldberg, Esq., email: goldberg@casneredwards.com; and

(b)   the United States Trustee, Attn: Richard T. King, United States Department of Justice, Office of the United States Trustee, 446 Main Street, 14th Floor, Worcester, MA 01608, Fax (508) 793-0558, email richard.t.king@usdoj.gov.

Objections to the Sale Motion will be governed by Fed. R. Bankr. P. 9014.

**PLEASE TAKE FURTHER NOTICE THAT** a hearing (the "Sale Hearing") will be held before the Honorable Christopher J. Panos, at the United States Bankruptcy Court for the District of Massachusetts, Courtroom No. 3, Donohue Federal Building, 595 Main Street, Worcester, MA 01608, **on December \_\_\_, 2015 at _____ \_\_.m. (prevailing Eastern Time)**, to consider approval of the Sale Motion and the sale of the Assets to WSB or other successful bidder as determined by the Debtor and approved by the Court. The Court may modify the method of sale set forth in this Notice at or prior to the Sale Hearing. The Court may take evidence at the Sale Hearing (or any hearing on approval of the Proposed Sale) to resolve issues of fact. If no objection to the Sale Motion or the Proposed Sale is filed, and no competing Qualified Bid submitted, then the Court may approve the Sale Motion and the Proposed Sale without requiring a hearing.

**PLEASE TAKE FURTHER NOTICE THAT**, if you are interested in submitting a bid to purchase the Assets or any substantial portion thereof, please contact the Debtor, Attention: John Schulte, Phone (719) 649-5899, email: schultejohn@yahoo.com, in order to obtain additional information about the Assets and to arrange for execution and delivery to the Debtor of a confidentiality agreement pursuant to which such additional information will be provided. **Competing offers to purchase the Assets must comply with the procedures set forth immediately below concerning "Qualified Bids" to be considered for acceptance by the Debtor and approval by the Bankruptcy Court, and must be submitted by no later than December \_\_\_, 2015 at \_\_:\_\_ \_\_.m. (prevailing Eastern Time) (the "Bid Deadline")**.

**PLEASE TAKE FURTHER NOTICE THAT**, in order for any competing purchase offer to constitute a "Qualified Bid", the competing offeror must file with the Bankruptcy Court and serve on undersigned counsel to the Debtor, **by no later than the Bid Deadline**, the following documents, deposit, and information (the "Required Bid Documents"):

2

- A legally-binding offer to purchase the Assets (or portion thereof) pursuant to a proposed asset purchase agreement (an "Asset Purchase Agreement") that is in the form of the APA, marked with any proposed changes from the APA (which changes shall be deemed to include, as to the competing offeror, deletion of any APA provisions governing WSB's right to credit bid or to receive sale proceeds), and providing for such offeror's purchase of the Assets on an "as is, where is" basis, for a cash purchase price of not less than $3,150,000, and not subject to any contingencies other than entry of an order of the Bankruptcy Court authorizing the Debtor's sale of the Assets free and clear of liens, claims, encumbrances, and interests in form and substance customary for Section 363 asset sales of similar nature. The offer embodied in a bidder's Asset Purchase Agreement must (i) not be subject to or conditioned upon any financing contingencies, or on the outcome of due diligence, except as otherwise permitted by the Debtor in consultation with WSB (and any creditors' committee), (ii) be binding on each entity or partner participating in the bid, (iii) not request or entitle the bidder to any breakup fee, termination fee, expense reimbursement or similar type of payment, and (iv) provide for the closing of such transaction within the same period as provided by the APA, except as may otherwise be agreed to by the Debtor in consultation with WSB (and any creditors' committee).

- A certified check or wire transfer representing a good faith deposit (the "Deposit"), in the amount of not less than $50,000, payable to the order of Casner & Edwards, LLP, as attorneys for the Debtor, and delivered to that firm at 303 Congress Street, Boston, Massachusetts, Attn: Michael J. Goldberg.

- Written evidence of a commitment for financing sufficient to consummate, or other evidence satisfactory to the Debtor of the bidder's ability to consummate, its proposed purchase of the Assets.

- Full disclosure of the identity of each entity that will be participating in such bid, including any proposed designee(s), and sufficient financial and other information regarding the bidder and all other parties participating in the bid to satisfy the Debtor with respect to the requirements enumerated in Section 363(m) of the Bankruptcy Code.

- Written evidence that the bidder has obtained authorization and approval from its Board of Directors (or comparable governing body) with respect to the submission of its offer, or a representation that no such authorization and approval is required.

A competing bidder that submits Required Bid Documents meeting the above criteria will be a "Qualified Bidder." The offer of WSB set forth in the APA shall be deemed to constitute a Qualified Bid and WSB is deemed to be a Qualified Bidder. The Debtor may extend the Bid

3

Deadline once or successively as to any specific prospective bidders without further notice, but is not obligated to do so.

Irrevocability of Bids.  Bids shall be deemed irrevocable offers to acquire the Assets and shall remain irrevocable and subject to acceptance by the Debtor until the Debtor has designated the Successful Bid and Backup Bid (as defined herein) and the Bankruptcy Court has approved the Debtor's acceptance of the Successful Bid and designation of Backup Bid, at which time any other bids (except for the Backup Bid) shall be deemed rejected and such rejected bidders' Deposits returned, and the Backup Bid shall be deemed irrevocable until the third business day after the closing deadline for the Successful Bid.

**PLEASE TAKE FURTHER NOTICE THAT**, if at least two Qualified Bids are submitted by the Bid Deadline, then the Debtor shall conduct a public auction (the "Auction") with respect to the Proposed Sale.  **The Auction, should one be required, will take place beginning at 10:00 a.m. (prevailing Eastern Time) on December ___, 2015 at the offices of the Debtor's bankruptcy counsel, Casner & Edwards, LLP, 303 Congress Street, Boston, Massachusetts**, or such other time or place as the Debtor shall notify all Qualified Bidders who have submitted Qualified Bids.  Only Qualified Bidders who have submitted a Qualified Bid will be eligible to participate at the Auction.  At the Auction, each Qualified Bidder's auction bid(s) shall be deemed to be on the same terms and conditions as such bidder's Qualified Bid as set forth in its Asset Purchase Agreement, except for the offer price and otherwise as expressly agreed upon by the Debtor.  The Auction may be conducted as an open bid auction or by sealed-bid, and on such other terms and conditions as specified by the Debtor at the Auction.  At the conclusion of the bidding, the Debtor will determine (after consultation with any creditors' committee, if one is appointed), and then announce, the highest or best bid for the Assets (the "Successful Bid") and the Qualified Bidder submitting such bid (the "Successful Bidder"), subject only to entry by the Bankruptcy Court of an order approving the Successful Bid and authorizing the Debtor to consummate the sale following the conclusion of the hearing to consider approval of the Sale Motion and the Proposed Sale, upon which the proposed sale shall proceed to closing as provided by and pursuant to the terms and conditions of the APA (as it may be modified to reflect the Successful Bid and any related agreements between the Successful Bidder and the Debtor approved by, or as otherwise directed by, order of the Bankruptcy Court).  The Debtor's presentation to the Bankruptcy Court for approval of a particular Qualified Bid does not constitute the Debtor's acceptance of the bid.  The Debtor will have accepted a bid only when the bid has been approved by the Bankruptcy Court and the Debtor has executed the final form of the APA embodying the sale of the Assets as approved by the Bankruptcy Court.

Acceptance of Qualified Bid.  The Debtor's presentation to the Bankruptcy Court for approval of a particular Qualified Bid does not constitute the Debtor's acceptance of the bid.  The Debtor will have accepted a bid only when the bid has been approved by the Bankruptcy Court and the Debtor has executed the final form of the APA embodying the sale of the Assets as approved by the Bankruptcy Court.

Backup Bid.  If an Auction is conducted, then, at the conclusions of the Auction, the Debtor intends to designate a competing Bid ("Backup Bid") that shall be substituted for the Successful Bid in the event that the Successful Bidder is unable to consummate its acquisition of the Assets.

By submitting a Bid or participating in the Auction, each Bidder acknowledges and agrees that the Debtor may designate its Bid (whether submitted prior to or at the Auction) as a Backup Bid, that such Backup Bid shall remain open for acceptance by the Debtor until the third business day following the closing deadline established for the Successful Bid, and that the Debtor, as security for closing of the Backup Bid transaction, may retain such Backup Bidder's Deposit pending consummation of the sale of the Assets to the Successful Bidder (in which case such Deposit shall be returned to the Backup Bidder within three (3) business days after closing of the sale to the Successful Bidder).  If the Successful Bidder fails to close its Successful Bid by the applicable closing deadline (including as it may be extended for up to 30 days by agreement of the Debtor or order of the Bankruptcy Court), then (i) the Debtor shall be deemed to have accepted the Backup Bid as a replacement Successful Bid (the "Replacement Successful Bid"), and (ii) the Replacement Successful Bid shall thereafter for purposes of these Sale Procedures be deemed to be the Successful Bid except that the closing deadline for the Replacement Successful Bid shall be recomputed  for such Bid as if the Sale Order had been entered on the defaulting Successful Bidder's closing deadline.

Agreed Damages; Retention of Deposit.  If the Successful Bidder fails to timely close its purchase of the Assets for any reason other than the Debtor's breach of the Asset Purchase Agreement, then such Successful Bidder's Deposit shall be retained by the Debtor as liquidated damages, and the Debtor may proceed to close the sale of the Assets with the Backup Bidder.

**PLEASE TAKE FURTHER NOTICE THAT** any interested party requesting additional information with respect to the Proposed Sale or with respect to submitting a bid to purchase the Assets may (in addition to contacting the Debtor as set forth above) contact counsel to the Debtor, Michael J. Goldberg, Casner & Edwards, LLP, 303 Congress Street, Boston, MA 02210, Phone (617) 426-5900, email goldberg@casneredwards.com, provided that notwithstanding any information which may be provided, all entities submitting an offer shall be relying upon their own independent due diligence and analysis.

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Sale Motion and the APA may be obtained from the Office of the Clerk of the Bankruptcy Court, Donohue Federal Building, 595 Main Street, Worcester, MA 01608, or without cost by making a written request to undersigned counsel to the Debtor.

Dated: November __, 2015                    CAMBRIDGE ENDOSCOPIC DEVICES, INC.

By its attorneys,

 /s/ A. Davis Whitesell
Michael J. Goldberg (BBO #551869)
A. Davis Whitesell (BBO #551462)
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210
Tel: 617-426-5900
Email: whitesell@casneredwards.com

## **CERTIFICATE OF SERVICE**

      I, A. Davis Whitesell, Esq., hereby certify that on November 27, 2015, I caused a copy of the foregoing **Debtor's Motion for Supplemental Order Approving Form and Manner of Additional Notice of Sale** to be served by email through the Court's ECF system to all entities that are registered users thereof in this Chapter 11 case, listed below, which list includes counsel to the United States Trustee and counsel to WSB, the agent for the Debtor's secured lenders:

- **Michael J. Goldberg**     goldberg@casneredwards.com
- **Richard King**     USTPRegion01.WO.ECF@USDOJ.GOV
- **David Koha**     koha@casneredwards.com, luo@casneredwards.com
- **Fred B. Ringel**     fbr@robinsonbrog.com
- **Lisa D. Tingue**     lisa.d.tingue@usdoj.gov
- **A. Davis Whitesell**     whitesell@casneredwards.com

Dated: November 27, 2015

/s/ A. Davis Whitesell
A. Davis Whitesell (BBO#551462)
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210
Tel: 617-426-5900
Email: whitesell@casneredwards.com